UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: RACHELLE ELIZABETH DECKER

Case No.: 2:22-cv-259-SPC-MRM

/

**<u>OPINION AND ORDER</u>**[1]

Before the Court is Rachelle Elizabeth Decker's pro se paper asking for a permanent injunction against the "Punta Gorda police department, Charlotte County Sheriffs, Punta Gorda housing Authority, Department of Children and Families, and Charlotte County animal control." (Doc. 1 at 1). Best the Court can tell, the government entities named were involved with removing animals from Decker's home. She thus sues for a permanent injunction to correct the "irreparable harm" she has suffered and to stop further damages. There are several issues with Decker's paper that the Court must address.[2]

To start, there are no allegations on the Court's subject matter jurisdiction to hear this action. And federal courts must ensure such jurisdiction sua sponte when (as here) it is lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Mostly, a federal court has original jurisdiction over two

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Decker filed this action as a miscellaneous matter, but United States Magistrate Judge Mac R. McCoy ordered that it be opened as a civil suit. (Doc. 2).

types of cases—federal question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332). The burden to establish jurisdiction falls on the party asserting it, who is Decker here. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

It seems Decker wants to bring a state law claim for trespass. In other words, there is no federal question. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). To be sure, the Court must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet it cannot act as counsel for Plaintiffs. *E.g.*, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And from even the most liberal construction, there is no federal or constitutional question to divine from Decker's paper. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002). If Decker intends to bring a federal claim, she must do so on repleading.

With federal question out, the Court turns to whether there is diversity jurisdiction. For this type of subject matter jurisdiction, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Here, Decker has satisfied neither requirement because she has plead no party's citizenship and states amount in controversy.

Because the Court cannot conclude it has jurisdiction, it dismisses this action without prejudice. Defendant may file an amended complaint that adequately pleads subject-matter jurisdiction. *See* 28 U.S.C § 1653.

In addition to the jurisdictional problems, Decker also has a procedural one. Decker's paper is in the form of a letter, which is improper. Local Rule 3.01(j) ("A party must not use a letter, email, or the like to request relief."). Every civil action starts out with a complaint that identifies the Court's subject matter jurisdiction, short statement of the claim(s), demand for relief, signature block, attachments (if needed), civil cover sheet, and summons. So if Decker intends to proceed pro se (or without a lawyer), she should review the Court's Guide to Proceeding Without a Lawyer, which is available on the Court's website,[3] for information on litigating in federal court.

Accordingly, it is now

**ORDERED:**

1. Rachelle Elizabeth Decker's pro se paper (Doc. 1) seeking a permanent injunction is **DENIED without prejudice** for lack of subject matter jurisdiction.

---

[3] https://www.flmd.uscourts.gov/litigants-without-lawyers

2. Decker may file an amended complaint on or before May 9, 2022. **Failure to do so may result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on April 25, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4