UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DECKER, RACHELLE ELIZABETH,

    Plaintiff,

v.                                 Case No.:  2:22-cv-259-SPC-MRM

RACHELLE ELIZABETH DECKER,

    Defendant.
_____/

# OPINION AND ORDER[1]

Rachelle Elizabeth Decker, proceeding pro se, has filed an amended complaint (Doc. 7) after the Court dismissed her initial pro se paper (Doc. 1) for lack of subject matter jurisdiction without prejudice (Doc. 4). Plaintiff also moves to proceed in forma pauperis. (Doc. 6). Plaintiff's filing includes a request for leave to amend and a "statement of claim." (Doc. 7). The amended pleading names Decker as both Plaintiff and Defendant and asks that all property "taken and held without her knowledge as a baby and unlawfully converted, held by an unknown custodian" since 1992 be returned to her. She

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

also requests that the Court return possession of her home in Punta Gorda, Florida, to her, along with her possessions.

The amended pleading fares no better in showing this Court has subject matter jurisdiction. Therefore, the case is dismissed without prejudice.

Under 28 U.S.C. § 1915(a), the Court may authorize a civil suit to proceed without requiring a plaintiff to prepay the filing fee, but it must also dismiss a case if at any time it determines that the action is frivolous. *See* § 1915(e)(2). An action is frivolous if the allegations are baseless, fanciful, fantastic, delusional, or "without argument or merit in either law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal quotations omitted). Frivolity likely fits the bill here, but before the Court can even reach that finding, it must ensure it has subject matter jurisdiction. And the Court finds it has no subject matter jurisdiction to hear this action and afford the relief that Plaintiff requests.

Federal courts must ensure such jurisdiction sua sponte when (as here) it is lacking. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Mostly, a federal court has original jurisdiction over two types of cases—federal question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332). The burden to establish jurisdiction falls on the party asserting it, who is Plaintiff here. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court decides it has no jurisdiction, it "must dismiss the compliant in its entirety." *Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 514 (2006). "Pro se pleadings are held to a less stringent standard [of review] than [counseled] pleadings … and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

There is no federal question. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law"). To be sure, the Court must liberally construe the pleadings; yet it cannot act as counsel for Plaintiff. *E.g.*, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And from even the most liberal construction, there is no federal or constitutional question to divine from Plaintiff's paper. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

With federal question out, the Court turns to whether there is diversity jurisdiction. For this type of subject matter jurisdiction, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Here, Plaintiff has satisfied neither requirement because she has pled no party's citizenship (indeed, she names herself as both Plaintiff and Defendant) and states no amount in controversy.

Because the Court cannot conclude it has jurisdiction, it dismisses this action without prejudice.

Accordingly, it is now

**ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on May 31, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record